# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| KEITH WILSON | CIVIL ACTION NO. 06-1036 |
| --- | --- |
| VS. | SECTION P |
| WARDEN TILLERY, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Plaintiff Keith Wilson filed a civil rights complaint (42 U.S.C. §1983) on May 23, 2006.[1] When he filed his suit he was an inmate at the Orleans Parish Prison, New Orleans, Louisiana; however, he complained of events arising during his confinement at the Richwood Detention Center, Monroe, Louisiana. [doc. 1] On September 11, 2006, the undersigned directed plaintiff to amend his complaint to provide facts needed to complete an initial review pursuant to 28 U.S.C. §1915. [doc. 9] On November 3, 2006 plaintiff filed a motion to stay. [doc. 10] That motion was denied on December 12, 2006; however, the undersigned did extend the deadline for plaintiff to respond to the September 11 order to amend until January 12, 2007. A copy of this order was mailed to plaintiff at the last address he provided. On December 20, 2006, the order was returned marked "rolled out."[2]

## LAW AND ANALYSIS

---

[1] Plaintiff filed his complaint in the United States District Court for the Eastern District of Louisiana. Since venue was improper, that court transferred the proceedings to the Western District on June 21, 2006.

[2] Generally, in this context, "rolled out" means that the prisoner has been released from custody.

1

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days

following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal **conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 23rd day of January, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE